UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,          Civil Action No.
                                          CV-21-<u>3701</u>

    - against –                      **COMPLAINT**

FAIRFIELD PROPERTIES and PINEWOOD
ESTATES AT COMMACK CONDOMINIMUM,        (         , J.)
                                                     (         , M.J.)
                Defendants.
------------------------------------X

       Plaintiff United States of America, by its attorney, JACQUELYN M. KASULIS, Acting United States Attorney for the Eastern District of New York, Thomas R. Price, Assistant United States Attorney, of counsel, for its complaint against Defendants herein, alleges as follows:

## INTRODUCTION

       1.     This is an action brought by the United States to enforce the Fair Housing Act as amended, 42 U.S.C. § 3601, *et seq.* ("FHA").

       2.     The United States brings this action under 42 U.S.C. § 3612(o) on behalf of Alexandra Rosenberg-Kalish and her mother, Lisa Rosenberg. As set forth below, Defendants violated the FHA when they refused to allow Ms. Rosenberg-Kalish to reside with both of her emotional support dogs in the condominium she shared with Lisa Rosenberg, ultimately leading them to sell their condominium.

## JURISDICTION AND VENUE

       3.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o).

       4.     Venue is proper in this District under 28 U.S.C. § 1391 and 42 U.S.C. § 3612(o).

## PARTIES

5.   Plaintiff is the United States of America.

6.   Defendants Fairfield Properties ("Fairfield") and Pinewood Estates at Commack Condominium ("Pinewood") (collectively, "Defendants") are, respectively, the property managers and owners/operators of Pinewood Estates, a collection of 42 units of attached ranch-style and two-story homes located at 1 to 42 Sandy Hill Road in Commack, New York.

7.   Alexandra Rosenberg-Kalish is a person with a disability[1] as defined by 42 U.S.C. § 3602(h) and, until December 5, 2019, was a co-owner of a condominium at Pinewood Estates located at 8 Sandy Hill Road, Commack, New York (the "subject property").

8.   Lisa Rosenberg is Alexandra Rosenberg-Kalish's mother and was a co-owner of the subject property until December 5, 2019.

## FACTS

9.   Ms. Rosenberg-Kalish has anxiety and panic disorders and has experienced panic attacks since she was approximately ten years old.  During the panic attacks, Ms. Rosenberg-Kalish feels weak, dizzy, and nauseated and experiences a loss of hearing, vision changes, and a reduced sense of touch.  Additionally, during panic attacks Ms. Rosenberg-Kalish's heartbeat races and she hyperventilates, often causing her to experience the sensation that she is about to pass out.  Her anxiety inhibits her ability to leave her home, which substantially impairs her ability to work and learn.

10.   In October 2009, Ms. Rosenberg-Kalish and Ms. Rosenberg purchased a pug dog named "Wednesday."  In 2012, they purchased another dog, a boxer named "Diesel."  Both dogs

---

[1] The Fair Housing Act uses the term "handicap," which is considered an antiquated term.  This Complaint uses the term "disability" instead.  That term has the same meaning as "handicap," as defined in the Fair Housing Act.

provide emotional support to Ms. Rosenberg-Kalish. Ms. Rosenberg-Kalish's need for both of her emotional support dogs is supported by her physicians, Charles Swersky and Arthur Friedman. Doctor Swersky has stated that Ms. Rosenberg-Kalish "has an emotional attachment to both dogs," and that not having both of them "would cause great undue anxiety," while Dr. Friedman has confirmed that the dogs "keep[] her calmer and decrease[] her anxiety," which "benefits the patient's emotional status."

11. In May 2016, Ms. Rosenberg-Kalish and Ms. Rosenberg purchased the subject property. In June 2016, Ms. Rosenberg-Kalish, who was 22 years old at the time, moved into the subject property. Ms. Rosenberg lived in the subject property part-time from June 2016 to May 2017, at which time it became her primary residence.

### DEFENDANTS' REFUSAL TO ACCOMMODATE MS. ROSENBERG-KALISH'S DISABILITY

12. Defendants' House Rules included a pet policy that limited each residence to a maximum of one dog.

13. On July 25, 2016, Defendants sent a letter to Ms. Rosenberg and Ms. Rosenberg-Kalish asserting that they had violated the pet policy based on the presence of both Wednesday and Diesel in the subject property.

14. On July 29, 2016, Ms. Rosenberg sent Defendants a completed Pinewood Estates Condominium Pet Profile Information Form for Wednesday and Diesel and a picture of both animals. Ms. Rosenberg stated on the form that Diesel was a "service dog," and wrote in her letter that, "as an emotional support dog [he] does not classify as a pet." Ms. Rosenberg also stated that, "Alexandra medically and legally qualifies for an emotional support dog."

15. On August 4, 2016, Defendants sent a Pet Violation Notice to Ms. Rosenberg-Kalish and Ms. Rosenberg, informing them that they would allow Diesel to remain, but not

Wednesday. Defendants demanded that Ms. Rosenberg-Kalish and Ms. Rosenberg remove Wednesday from the subject property.

16. On August 8, 2016, Ms. Rosenberg sent Defendants a letter stating that she and her daughter had removed Wednesday from the subject property. Ms. Rosenberg also informed Defendants that two emotional support animals were allowed under the law as long as there was a medical need.

17. On August 19, 2016, Ms. Rosenberg and Ms. Rosenberg-Kalish sent Defendants a letter informing them that Wednesday was an emotional support animal and that they would bring her back to the subject property on August 25, 2016. Ms. Rosenberg also reiterated that, "[b]ased on the law, Alexandra is entitled to two emotional support dogs."

18. On August 25, 2016, Defendants sent Ms. Rosenberg-Kalish and Ms. Rosenberg a "Pet Violation" notice stating, "please be advised that . . . you are still barred from housing that dog at the 8 Sandy Hill Road address." Defendants' notice stated, "…pursuant to the Fair Housing Act you have been allowed a reasonable accommodation with the other dog (the boxer). Your pug will not be permitted to reside at the [subject property] as the condominium had already allowed you the one (1) emotional support dog."

19. On September 6, 2016, Ms. Rosenberg wrote an email to Defendants requesting a reconsideration of their refusal to allow her daughter to keep her pug in addition to her boxer in light of her daughter's "medical circumstances."

20. On September 9, 2016, Defendants sent Ms. Rosenberg-Kalish and Ms. Rosenberg another letter asserting that they had granted a reasonable accommodation for the boxer and that they stood by their denial of the request to allow the pug to reside in the unit.

21. Defendants never requested any documentation of medical necessity or proof of disability.

22. As a result of Defendants' refusal to approve her reasonable accommodation request to have both dogs with her, Ms. Rosenberg-Kalish experienced an increased frequency of panic attacks, and an increased need for medication during her time living at Pinewood Estates.

23. On December 5, 2019, Ms. Rosenberg-Kalish and Ms. Rosenberg sold the subject property, in large part, because of Defendants' refusal to allow them to live with both assistance animals.

## ADMINISTRATIVE ACTION

24. On or about November 1, 2016, Ms. Rosenberg filed a timely, verified complaint with the U.S. Department of Housing and Urban Development ("HUD") alleging that Defendants were violating the Fair Housing Act by denying her and Ms. Rosenberg-Kalish's requests to allow them to keep both emotional support animals at the subject property. On or about July 24, 2017, the complaint was amended to name Ms. Rosenberg-Kalish as a complainant.

25. Under 42 U.S.C. § 3610(a) and (b), the Secretary of HUD ("the Secretary") investigated Ms. Rosenberg-Kalish's and Ms. Rosenberg's complaint.

26. Based on the information gathered in the HUD investigation, the Secretary, under 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that Defendants had violated the Fair Housing Act by discriminating against Ms. Rosenberg-Kalish and Ms. Rosenberg.

27. On September 28, 2020, the Secretary issued a Charge of Discrimination under 42 U.S.C. § 3610(g)(2)(A), charging Defendants with engaging in discriminatory housing practices that violated the Fair Housing Act.

28. On October 19, 2020, Defendants made a timely election to have the claims asserted against them decided in a civil action in an appropriate U.S. District Court under 42 U.S.C. § 3612(a). Following this election, under 42 U.S.C. § 3612(o)(1), the Secretary authorized the Attorney General to file this case.

29. On November 2, 2020, Defendants entered into an agreement with the United States, extending the 30-day deadline for the United States to file a complaint, under 42 U.S.C. § 3612(o), until January 18, 2021. On January 6, 2021, March 8, 2021, May 14, 2021, and June 16, 2021, Defendants and the United States entered into amended tolling agreements, extending the United States' time to file a complaint until July 1, 2021. This action is timely filed.

## VIOLATIONS OF LAW

30. Through the actions described above, Defendants have violated the Fair Housing Act, 42 U.S.C. § 3604(f)(2) and (f)(3)(B), by refusing to make reasonable accommodations to their rules, policies, practices, or services, when such accommodations were necessary to afford Ms. Rosenberg-Kalish and Ms. Rosenberg an equal opportunity to use and enjoy their dwelling.

31. Through the actions described above, Defendants have violated the Fair Housing Act, 42 U.S.C. § 3604(f)(1) and (f)(3)(B), by making the subject property unavailable to them by refusing to make reasonable accommodations to their rules, policies, practices or services, which forced Ms. Rosenberg-Kalish and Ms. Rosenberg to sell the subject property.

32. As a result of Defendants' conduct, Ms. Rosenberg-Kalish and Ms. Rosenberg are "aggrieved" persons as defined in 42 U.S.C. § 3602(i) and have suffered injuries, including, but not limited to, out of pocket expenses and emotional distress.

33. Defendants' discriminatory actions were intentional, willful, and taken in disregard of Ms. Rosenberg-Kalish's and Ms. Rosenberg's rights.

## **REQUEST FOR RELIEF**

WHEREFORE, the United States respectfully requests that this Court enter an ORDER:

1.  Declaring that Defendants' policies and practices, as alleged in this Complaint, violate the Fair Housing Act;

2.  Enjoining Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with them, from:

    (a)  discriminating in the sale or rental, or otherwise making unavailable or denying, a dwelling to any buyer or renter because of a disability of that buyer or renter, in violation of 42 U.S.C. § 3604(f)(1)(A);

    (b)  discriminating in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2)(A); and

    (c)  refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities an equal opportunity to use and enjoy their dwellings, in violation of 42 U.S.C. § 3604(f)(3)(B);

3.  Awarding monetary damages under 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1) for injuries caused by Defendants' violations of the Act; and

4. Awarding the United States such additional relief as is just and proper.

Dated: Central Islip, New York
June 29 , 2021

                                        JACQUELYN M. KASULIS
                                        Acting United States Attorney
                                        Eastern District of New York
                                        610 Federal Plaza
                                        Central Islip, New York 11722

                                By: /s/ *Thomas R. Price*
                                        Thomas R. Price
                                        Assistant United States Attorney
                                        (631) 715-7893
                                        thomas.price@usdoj.gov